76 F.3d 379
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Ricky POLK; Bronzie Johnson; Fred Allen, Jr.; Plaintiffs,
Clara Busby, Plaintiff-Appellant,
v.
Robbie HUNT, Officer, Kentucky State Police; Steve Cherry,
Police Officer, City of Hickman; Defendants-Appellees.
Dean Parnell, Chief of Police, City of Hickman, et al., Defendants.
 No. 95-5323.
 United States Court of Appeals, Sixth Circuit.
 Feb. 5, 1996.
 
 Before: MARTIN, GUY and RYAN, Circuit Judges.
 
 ORDER
 
 1
 This pro se litigant appeals a judgment entered on a jury verdict that she take nothing from her complaint filed under 42 U.S.C. § 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Seeking monetary damages, Clara Busby and three other plaintiffs sued a Kentucky State Police Officer (Robbie Hunt); a Hickman, Kentucky, Police Officer (Steve Cherry); the Chief of Police for the City of Hickman, Kentucky (Dean Parnell); the City of Hickman, Kentucky; a Kentucky State Police Lieutenant (John Johnson); a Kentucky State Police Captain (Kenneth Hardin); and an unnamed confidential informant. The plaintiffs claimed that: 1) the defendants violated their Fourth Amendment rights by arresting and prosecuting them without probable cause; and 2) the defendants committed numerous state torts as a result of the arrest and prosecution of plaintiffs. All of the defendants except Cherry and Hunt were dismissed during trial. The trial proceeded against Cherry and Hunt, and the jury returned a verdict in their favor. Only one of the plaintiffs, Clara Busby, appeals from that judgment.
 
 
 3
 In her timely appeal, Busby, who is African-American, contends that: 1) she did not receive a fair trial because the prospective jurors were selected improperly; and 2) she did not receive a fair trial because a prospective African-American juror was excused from jury service on the basis of her race in violation of the holding in Batson v. Kentucky, 476 U.S. 79, 89 (1986).
 
 
 4
 Whether Busby was denied her right to a jury selected from a fair cross-section of the community is a mixed question of law and fact. This court reviews mixed questions de novo. See Pullman-Standard, Div. of Pullman, Inc. v. Swint, 456 U.S. 273, 287-88 (1982). The district court's decision in ruling on a Batson challenge is entitled to great deference, and this court applies a clearly erroneous standard of review. Hernandez v. New York, 500 U.S. 352, 364-65 (1991).
 
 
 5
 Busby did not present sufficient evidence to support her contention that the juror selection process discriminated against African-Americans. She argues that the jury did not represent a fair cross-section of the community because prospective jurors were improperly selected from the voter registration list. In order to establish a prima facie violation of the fair-cross-section requirement, a party must show that: 1) the group alleged to be excluded is a distinctive group in the community; 2) the representation of this group in venires from which juries are selected is not fair and reasonable in relation to the number of such persons in the community; and 3) that this underrepresentation is due to systematic exclusion of the group in the jury selection process. Duren v. Missouri, 439 U.S. 357, 367-68 (1979).
 
 
 6
 Busby fails the second prong of the Duren test because she only presented data with regard to 67 persons selected for a three month period. The crucial question in determining whether the second prong of the Duren test is met is whether the percentage of members of the distinctive group in the jury pools is fair and reasonable in relation to the actual percentage of such persons in the community. See Ford v. Seabold, 841 F.2d 677, 683-84 (6th Cir.), cert. denied, 488 U.S. 928 (1988). Busby did not establish the total number of potential jurors that were available and their racial composition. Thus, no valid statistical inference can be drawn.
 
 
 7
 Busby fails the third prong of the Duren test because she points to nothing in the selection process which makes it obvious that the alleged underrepresentation of African-Americans was due to the system itself. A panel of prospective jurors represents a fair cross-section of the community if it is gathered without active discrimination. United States v. Cecil, 836 F.2d 1431, 1445 (4th Cir.1988). Busby's jury panel was gathered without active discrimination because the Western District of Kentucky composes a jury panel according to a plan that complies with 28 U.S.C. § 1863. The Western District of Kentucky uses the voter registration list as the source for jury selection in federal courts, and the voter registration list has been expressly sanctioned by Congress in 28 U.S.C. § 1863(b)(2), and is the preferred source of names for prospective jurors. See Taylor v. Louisiana, 419 U.S. 522, 538 (1975); Cecil, 836 F.2d at 1445.
 
 
 8
 Busby was also not denied equal protection of the law. Busby contends that a prospective juror was excused from jury service solely because she was black. The Equal Protection Clause prohibits a prosecutor in a criminal case from challenging potential jurors solely on account of their race. Batson, 476 U.S. at 89. A private litigant in a civil case may also not use peremptory challenges to exclude jurors on account of their race. Edmonson v. Leesville Concrete Co., 500 U.S. 614, 631 (1991) (approach set forth in Batson applicable in civil trials). After a prima facie case of racial discrimination is established, the party exercising the peremptory challenge must provide a racially-neutral explanation for the challenge. Batson, 476 U.S. at 96-97.
 
 
 9
 The defendants met their burden of providing a racially-neutral explanation for challenging the juror. In this case, the defendants conceded that Busby had established a prima facie case for racial discrimination, and defendants explained that the potential juror was challenged because the juror's husband was employed as the Director/Counselor of Minority Affairs for the City of Paducah, Kentucky. As the Director of Minority Affairs for the nearby city, the juror's husband had interviewed or conferred with that city's Chief of Police, whom the defendants called as an expert witness. In addition, as the Director of Minority Affairs, the juror's husband tried to secure maximum rights for members of minority groups in Paducah, Kentucky. Thus, the defendants explained, the juror's husband was professionally engaged as an advocate for African-Americans and his occupation could have affected the prospective juror's perceptions. Therefore, the juror was challenged because her husband had personal knowledge of an expert witness and because the husband's profession was that of an advocate for a particular race. Busby did not overcome the defendants' racially-neutral explanation for peremptorily striking the juror.
 
 
 10
 Accordingly, the district court's judgment is affirmed pursuant to Rule 9(b)(3), Rules of the Sixth Circuit.